IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02032-BNB

JOHNNY HAYES GIPSON,
    Plaintiff,

v.

JERI-ANN SHERI,
    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 02 2007

GREGORY C. LANGHAM
                    CLERK

## ORDER OF DISMISSAL

Plaintiff Johnny Hayes Gipson is a prisoner at the Straits Correctional Facility at Kincheloe, Michigan. Mr. Gipson initiated this action by filing *pro se* a Complaint and other documents. On October 16, 2007, in response to an order directing him to cure the deficiencies, he filed an amended complaint pursuant to 42 U.S.C. § 1983 on the Court's Prisoner Complaint form alleging that his constitutional rights have been violated.

The Court must construe the amended complaint liberally because Mr. Gipson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for *pro se* litigants. *See id.*

Although Mr. Gipson has filed a complaint pursuant to 42 U.S.C. § 1983, he does not assert any constitutional claims against the named Defendant, the warden of the Straits Correctional Facility. Instead, Mr. Gipson claims that he was denied due process when he was convicted of second degree murder in his state criminal case. In support of his due process claim, Mr. Gipson alleges "2nd degree murder, showed no elements, facts, or evidence, supported by probable cause, which Michigan law is required [sic]." (Am. Prisoner Compl. At 4.) Mr. Gipson does not assert any other claims in the amended complaint. As relief he asks "that his unlawfull [sic] prison sentence be VOID, and his incarceration stop and desist." (Am. Prisoner Compl. At 8.) The Court's independent research reveals that Mr. Gipson pled guilty to three counts of second degree murder in Michigan state court in August 1992. *See People v. Gipson*, No. 191124, 1997 WL 33344452 (Mich. Ct. App. July 15, 1997).

Mr. Gipson's claim that he was denied due process in the course of his state criminal case may not be raised in this Court pursuant to 42 U.S.C. § 1983. First, Mr. Gipson was convicted in Michigan, not Colorado. As a result, it is not clear why Mr. Gipson has filed this action in this Court. Furthermore, the relief Mr. Gipson seeks, to have his conviction and sentence vacated, properly is sought in an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 rather than in a complaint pursuant to § 1983. Any claims Mr. Gipson seeks to raise in federal court challenging the validity of his conviction or sentence must be raised pursuant to 28 U.S.C. § 2254 in an appropriate court after exhaustion of state court remedies. The Court will not construe the instant action as a habeas corpus action pursuant to § 2254 because the Court does not have jurisdiction over Mr. Gipson's custodian. Accordingly, it is

ORDERED that the complaint, the amended complaint, and the action are dismissed without prejudice.

DATED at Denver, Colorado, this ___1___ day of _____Nov_____, 2007.

BY THE COURT:

*Zita L. Weinshienk*
_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02032-BNB

Johnny Hayes Gipson
Prisoner No. 228681
Straits Correctional Facility
4387 West M-80
Kincheloe, MI 49785

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on Nov 2 07

                                          GREGORY C. LANGHAM, CLERK

                                        By: _____
                                                        Deputy Clerk